UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DONGHO KANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00015-TWP-KMB |
| | ) |
| POSCO AAPC LLC, | ) |
| ICN GROUP, | ) |
| J1X EXCHANGE INC., | ) |
| | ) |
| Defendants. | ) |

**ENTRY SCREENING COMPLAINT AND DIRECTING SERVICE**

On January 25, 2025, *pro se* Plaintiff Dongho Kang ("Kang") initiated this civil action by filing his fill-in-the-blank Complaint for Employment Discrimination against Defendants POSCO AAPC LLC ("POSCO"), ICN Group ("ICN"), and J-1 Visa Exchanges, Inc. ("J1X") (together, "Defendants") (Dkt. 1). Kang did not pay the filing fee or a motion for leave to proceed *in forma pauperis*. On February 3, 2025, the Court directed Kang to either pay the filing fee or file the necessary motion to proceed *in forma pauperis* (Dkt. 5). On February 6, 2025, Kang filed a motion to proceed *in forma pauperis*, which the Court granted on February 25, 2025 (Dkt. 8). This matter is now before the Court for screening.

**A.     Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

**B.** **The Complaint**

On his fill-in-the-blank Complaint form, Kang checked the boxes for employment discrimination based upon Title VII of the Civil Rights Act of 1964 and "other federal law" (22 C.F.R. §§ 66.22 *et seq.*) for "termination of my employment," "retaliation," and "other acts" on the basis of his race and national origin, South Korean (Dkt. 1 at 2, 4–5).

In attached pages, Kang alleges that he was offered an internship with POSCO through ICN. *Id.* at 11. Kang participated in interviews and received an offer letter outlining a one-year contract with POSCO, which included Medicare (with premium deductions) and the potential for full-time employment. *Id.* Kang then signed a contract with ICN Group and J1X, his Visa sponsor, and signed a DS-7002 training plan for steel production research. *Id.*

However, when Kang started his internship at POSCO, "the actual work significantly deviated from the DS-7002," and instead of working on steel production research, Kang was assigned "safety, environmental, and maintenance tasks." *Id.* Kang documented these discrepancies and notified POSCO, ICN, and J1X about them.

The next month, Kang was "coerced into signing a job description reflecting the actual work performed, under threat of internship termination." *Id.* Kang was then "given additional heavy workloads and unpleasant tasks" and, after a verbal altercation with a supervisor, "wrongfully terminated for alleged 'disrespectful attitude towards management.'" *Id.* Kang filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a Right to Sue letter before initiating this federal lawsuit (Dkt. 1-1; Dkt. 1-2).

The Court will discuss Kang's claims against each Defendant in turn.

1. **Claims Against POSCO**

Kang alleges POSCO is liable for breach of contract for: improperly altering the Medicare provision of Kang's contract and failing to properly implement the provision guaranteeing his consideration for full-time employment; and by assigning Kang different work than what was outlined in the DS-7002 training plan. Kang also alleges that POSCO coerced him into signing a job description fitting the work he was actually performing "to make it appear as though [Kang] consented to the wrongful work assignments." (Dkt. 1 at 10).

Kang further asserts hostile work environment and retaliation claims against POSCO under Title VII. Kang alleges that POSCO discriminated against him on the basis of his national origin:

> Unlike interns of other nationalities who were assigned tasks related to DS7002, [Kang], being of Korean nationality, was assigned menial tasks unrelated to [his] background, such as cleaning acids, and maintenance, which were not part of the agreed-upon training plan (DS7002). . . . [A]nd [Kang] overheard supervisors making derogatory comments about individuals of Korean descent . . . .

3

(Dkt. 1 at 12). Kang specifically alleges that one of his superiors at POSCO commented "Are you going home?" *Id.* at 10.

POSCO also allegedly terminated Kang in retaliation for his complaints about his discriminatory treatment:

> [Kang] repeatedly complained to HR and management about the discrepancy between the work assigned and the DS-7002 training plan. Shortly after these complaints, [Kang] was terminated . . . . The reason given for [his] termination . . . was pretextual and inconsistent with [Kang's] prior performance record (B), and POSCO AAPC procedures of verbal warning, written warning, suspension . . . .

*Id.* at 12.

Kang lastly asserts that POSCO breached the implied covenant of good faith and fair dealing in his employment contract, and that POSCO fraudulently induced Kang into working for POSCO by creating actual working conditions that were significantly different than what it promised during the interview process—"[i]n particular, emphasizing [Kang's] experience in safety administration and mentioning the possibility of growth into a production manager or plan manager role during the interview." *Id.* at 11.

At this time, the Court has not determined that Kang's claims against POSCO must be dismissed pursuant to § 1915(e), and those claims therefore **shall proceed**.

This ruling is without prejudice to the filing of a proper Rule 12 motion.

**2. Claims Against ICN**

Kang asserts claims for breach of contract, "misrepresentation," and "attempt to obstruct litigation" against ICN. Kang alleges that ICN breached a verbal contract created during the interview process and the DS-7002 regarding the work Kang would perform at POSCO; that ICN charged fees different from those specified in the contract between Kang, ICN, and J1X; and that ICN breached several other promises and/or contract provisions regarding Medicare support, ride provision conditions, legal consultation connections, and emergency consultation support (Dkt. 1

at 8). At this preliminary stage, these allegations are enough to allege a state law cause of action for breach of contract.

Kang's misrepresentation claim alleges that ICN provided "false or misleading information during the interview and contract signing process" about the terms and conditions of Kang's employment to deceive him into signing the contract with ICN and J1X. *Id.* Under § 1918(e), these allegations sufficiently assert a state law claim for fraudulent misrepresentation and/or fraudulent inducement.

In his final claim against ICN, "attempt to obstruct litigation," Kang alleges that ICN called him and attempted to dissuade him from pursuing legal action. *Id.* Federal law does not provide a private cause of action for obstruction of justice. *See Szplett v. Kenco Logistic Servs., LLC*, No. 19 C 2500, 2020 WL 1939388, at *3 (N.D. Ill. Apr. 22, 2020) (citing cases from several jurisdictions confirming that there is no private civil cause of action for obstruction of justice). And although Indiana state law provides a civil cause of action for "interference with civil litigation," that claim only applies to spoliation of evidence, and not to other types of interference with potential or ongoing litigation. *Loomis v. Ameritech Corp.*, 764 N.E.2d at 668 (Ind. Ct. App. 2002). Therefore, Kang has not alleged a viable claim for "attempt to obstruct litigation," and that claim is **dismissed**.

At this time, the Court has not determined that Kang's claims for breach of contract and misrepresentation against ICN must be dismissed pursuant to § 1915(e), and those claims therefore **shall proceed**. Because Kang has adequately alleged federal claims against POSCO that arise from the same case or controversy as his claims against ICN, the Court has supplemental jurisdiction over Kang's state law claims against ICN. 28 U.S.C. § 1367.

This ruling is without prejudice to the filing of a proper Rule 12 motion.

### 3. Claims Against J1X

Kang alleges that J1X violated several provisions of Title 22 of the Code of Federal Regulations ("CFR") governing the Exchange Visitor Programs, under which foreign nationals like Kang can receive training as interns. *See* 22 C.F.R. § 62.22. Kang specifically alleges that J1X failed to adequately manage the work Kang was assigned in violation of § 66.22(f)(1)(i); failed to ensure Kang's health, safety, and welfare in violation of § 62.9(d)(3); failed to provide information, consultation, and support when problems arose in violation of § 62.22(g)(1); failed to prevent POSCO from hiring Kang for labor purposes rather than as a cultural exchange in violation of § 62.22(j)(3); and generally attempted to evade its responsibilities under Title 22 (Dkt. 1 at 8–9). Despite the thoroughness of his allegations, Kang has not identified a statute, regulation, or other authority creating a private cause of action to sue for these CFR violations, and the Court has found none. Therefore, the CFR violations do not give rise to any viable federal claim. However, because these regulations impose various obligations and duties on J1X, which J1X allegedly breached, Kang has adequately alleged state law negligence claims against J1X for purposes of § 1918(e)

At this time, the Court has not determined that Kang's claims against J1X must be dismissed pursuant to § 1915(e), and those claims therefore **shall proceed**. Because Kang has adequately alleged federal claims against POSCO that arise from the same case or controversy as his claims against J1X, the Court has supplemental jurisdiction over Kang's state law claims against J1X. 28 U.S.C. § 1367.

This ruling is without prejudice to the filing of a proper Rule 12 motion.

### C. Service of Process

Because Kang is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service for him. Accordingly, the **Clerk is designated** pursuant to Rule 4(c)(3) to issue process to POSCO AAPC LLC, ICN Group, and J-1 Visa Exchanges, Inc., in the

manner specified by Rule 4(d). Process shall consist of the Complaint (Dkt. 1), including attachments (Dkt. 1-1 through Dkt. 1-9), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

Further, the **Clerk is directed** to change the name of Defendant J1X Exchange Inc. to "J-1 Visa Exchanges, Inc." on the docket.

**SO ORDERED**.

Date: 4/9/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DONGHO KANG
36, sanghak-ro, buk-gu, APT 206-503
Busan
Republic of Korea

POSCO AAPC LLC
5140 Loop Rd.
Jeffersonville, IN 47130

ICN Group
34 W 32nd St.
New York, NY 10001

J-1 Visa Exchanges, Inc.
1155 Perimeter Circle, Suite 1100
Atlanta, GA 30338