UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DONGHO KANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00015-TWP-KMB |
| | ) | |
| POSCO AAPC LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Pending before the Court is *pro se* Plaintiff Dongho Kang's Motion for Leave to File First Amended Complaint, [dkt. 34], along with Mr. Kang's proposed amended complaint, [dkt. 35]. Defendant POSCO AAPC, LLC ("POSCO") filed its Response in Opposition to Mr. Kang's Motion, [dkt. 36], and Mr. Kang filed his Reply in Support, [dkt. 37]. Neither Defendant ICN Group ("ICN") nor J-1 Visa Exchanges, Inc. ("J1X"), has filed a Response in Opposition to Mr. Kang's Motion for Leave to File First Amended Complaint, and the time to do so has passed. For the reasons explained below the Court **GRANTS** Mr. Kang's Motion for Leave to File First Amended Complaint. [Dkt. 34.]

### I.    RELEVANT BACKGROUND

Mr. Kang initiated this action on January 25, 2025, asserting various claims against POSCO, ICN, and J1X arising from his participation in a J-1 visa internship program in Indiana, where POSCO hosted the internship, ICN arranged the placement, and J1X sponsored the J-1 visa. [Dkt. 1.] After screening pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court determined that Mr. Kang's claims could proceed, subject to Defendants' ability to challenge the Complaint through an

1

appropriate Rule 12 motion.  [Dkt. 9.]  Because Mr. Kang was proceeding *in forma pauperis*, the Court also directed service of process on POSCO and J1X.  [*Id.*]

Each Defendant moved to dismiss Mr. Kang's Complaint.  [Dkts. 16; 17; 24.]  Mr. Kang failed to timely respond to any of the motions to dismiss.  On March 17, 2026, the Court issued an Order granting in part and denying in part those motions.  [Dkt. 27.]  The Court then granted leave for Mr. Kang to file an amended complaint within 21 days of the Order and ordered that if Mr. Kang does not file an amended complaint, POSCO and ICN should file their answers to the surviving claims by April 21, 2026.  [*Id.*]

The day after the Court issued its Order on Defendants' Motions to Dismiss, Mr. Kang filed untimely responses to those motions.  [Dkts. 28 through 30.]  In a separate entry, the Court explained that those filings would not alter its previous ruling on the motions to dismiss and would not be considered.  [Dkt. 31.]  The Court further advised Mr. Kang that any attempt to cure the pleading deficiencies identified in the Court's March 17, 2026, Order must be made through an amended complaint filed by April 7, 2026.  [*Id.*]

Mr. Kang did not file an amended complaint by the April 7, 2026, deadline, and POSCO filed its Answer to the surviving claims on April 21, 2026.  [Dkt. 33.]  Later that same day, Mr. Kang filed his Motion for Leave to File First Amended Complaint, [dkt. 34], along with his proposed Amended Complaint, [dkt. 35].  As with Mr. Kang's untimely responses to Defendants' motions to dismiss, these filings were submitted after the applicable deadline had expired.  POSCO opposes the Motion for Leave to File First Amended Complaint, [dkt. 36], and Mr. Kang subsequently filed an untimely reply brief in support of his Motion, [dkt. 37].  Mr. Kang's Motion for Leave to File First Amended Complaint is now ripe for the Court's ruling.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(B) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 16(b)(a)(B). The determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The United States Supreme Court lists factors to consider in determining whether excusable neglect exists, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id; see also Bowman v. Korte,* 962 F.3d 995, 998 (7th Cir. 2020).

If the Court finds that Mr. Kang has demonstrated excusable neglect for failing to act within the Court's specific time frame to file his amended complaint, the Court will evaluate Mr. Kang's Motion for Leave to Amend under Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019) (citation and quotation marks omitted).

### III.    DISCUSSION

In Mr. Kang's Motion for Leave to File First Amended Complaint Out of Time, he argues that his failure to comply with the Court's deadline constitutes excusable neglect because, as a *pro se* litigant residing in South Korea, he is receiving filings and other case documents through international mail often several weeks after they are sent.  [Dkt. 34 at 2.]  Because of these significant delays, Mr. Kang asserts that by the time the documents are given to him, he is either already late in responding or is only afforded a few days to prepare.  [*Id.*]  Mr. Kang also notes that he has not received any physical copies of Defendant ICN's filings, which has also altered his ability to adequately litigate this case.  [*Id.*]  Lastly, he also argues that his two-week late submission of his Motion for Leave to File First Amended Complaint does not cause any substantial disruption to the case schedule or materially prejudice Defendants.  [*Id.* at 3.]

In opposition to Mr. Kang's motion, POSCO argues that Mr. Kang's Motion for Leave should be denied because it is untimely, futile, and will cause prejudice to POSCO.  [Dkt. 36 at 3.] POSCO contends that Mr. Kang has failed to establish excusable neglect for missing the Court's amendment deadline, noting that he has not shown when he received the Court's Order, acknowledged that international mail would have afforded him several days to seek an extension, and could have received filings electronically.  [*Id.* at 3-4.]  POSCO also asserts that it has served Mr. Kang by electronic means to the email identified in his original complaint.  [*Id.* at 3.]  POSCO further argues that the proposed amended complaint is futile because it seeks to reassert a fraudulent inducement claim already rejected by the Court and adds a negligence claim that is not cognizable under the governing federal regulations and otherwise fails to state a plausible claim for relief.  [*Id.* at 4–5.] Finally, POSCO asserts that permitting amendment would prejudice it

because it expended resources preparing and filing its Answer after the amendment deadline expired. [*Id*. at 5.]

In his reply brief in support of his motion, Mr. Kang reiterates that his failure to comply with the Court's amendment deadline was the result of international mailing delays than any lack of diligence on his part. [Dkt. 37 at 1-3.] According to Mr. Kang, by the time he received the Court's March 17, 2026, Order on Defendants' Motions to Dismiss, [dkt. 27], the deadline for filing an amended complaint had effectively expired. [Dkt. 37 at 3.] He asserts that upon receiving the Order, he promptly translated it, prepared his proposed amended complaint, and mailed his Motion for Leave and proposed Amended Complaint on April 21, 2026. [*Id*.] Mr. Kang further contends that he experienced difficulties obtaining electronic access to the Court's docket because he was unable to activate a PACER account using a South Korean credit card. [*Id*. at 2; dkt. 37-2.] Finally, Mr. Kang asserts that he did not receive POSCO's response in opposition to his Motion for Leave until June 5, 2026, despite it having been filed on May 5, 2026, and attributes that delay in part to issues encountered during the package's transit through customs in South Korea. [Dkt. 37 at 2-3; dkt. 37-1.]

After reviewing the Parties' arguments, the Court concludes that Mr. Kang has demonstrated excusable neglect required by Rule 6(b)(1)(B) to consider his Motion for Leave to File First Amended Complaint despite the filing being late. The record reflects that Mr. Kang resides in South Korea and receives Court filings and other case documents through international mail. The Court acknowledges that international mailing delays may have affected Mr. Kang's ability to meet deadlines and otherwise litigate his case. Indeed, the docket reflects that Mr. Kang's responses to Defendants' motions to dismiss were filed shortly after the Court ruled on those motions, [dkt. 28], and Mr. Kang represents that he did not receive JIX's Motion to Dismiss until

March 18, 2026, one day after the Court ruled on all pending motions to dismiss.  [Dkt. 34 at 2.] This sequence of events lends support to Mr. Kang's contention that delays associated with international mail have hindered his ability to respond to filings and comply with case deadlines in a timely manner.

POSCO argues that Mr. Kang has not established excusable neglect because he has not identified the precise date on which he received the Court's Order, acknowledged that he should have had "3-5 days" to submit a response after receiving Court filings, and could have received filings electronically.  [Dkt. 36 at 3-4.]  The Court is not persuaded.  Although Mr. Kang has not provided the exact date on which he received the Court's Order, the record as a whole supports his contention that significant international mailing delays have affected his ability to receive and respond to filings in this case.  Indeed, Mr. Kang attached to his reply brief correspondence with PACER support indicating that his attempt to register for electronic access was unsuccessful because PACER would not accept his South Korean credit card.  [Dkt. 37-2.]  Moreover, the Court is not convinced that the existence of a brief window of time between Mr. Kang's receipt of a filing and the applicable deadline defeats a finding of excusable neglect where the record reflects ongoing logistical challenges associated with litigating this action from South Korea.  Taken together, these circumstances support Mr. Kang's assertion that the delays at issue stem from difficulties associated with international service and communication rather than a lack of diligence on his part.

While the Court does not excuse a litigant from complying with deadlines simply because the litigant resides abroad, the Court is satisfied in this case that Mr. Kang acted diligently under the circumstances.  Accordingly, the Court finds that Mr. Kang has established excusable neglect for seeking amendment after the Court's April 7, 2026, deadline.

Having found excusable neglect under Rule 6(b)(1)(B), the Court now turns to the required analysis under Rule 15(a)(2).  *Sumrall*, 104 F.4th at 630.  POSCO argues that Mr. Kang's amendment request should be denied because the proposed amendments to his complaint are futile and would prejudice POSCO.  After having considered the Parties' briefing and the docket in this case, the Court is not persuaded.  With respect to prejudice, POSCO again argues that Mr. Kang could have sought an extension of time during the short period of time that he allegedly had between receiving the relevant filings and the applicable deadline.  [Dkt. 36 at 5.]  But that argument bears on diligence, not on alleged prejudice to POSCO.  The Court is not persuaded that permitting amendment at this stage of the proceedings would unduly prejudice POSCO.  Case management plan deadlines have not been set, and there is no trial date.  Additionally, the Court prefers to decide cases on the merits, especially when it is apparent on the docket that there are unique circumstances that hindered Mr. Kang's timely compliance with the applicable deadlines.

The Court is also not persuaded that the proposed amended pleading is so clearly futile as to justify denying leave to amend at this stage.  POSCO argues that Mr. Kang's amended fraudulent inducement claim merely repackages a claim that the Court previously dismissed and that his proposed negligence claim fails because the regulations on which it is based do not create a private right of action and otherwise do not plausibly allege negligence.  [Dkt. 36 at 4-5.]  The Court's prior Order dismissed Mr. Kang's fraudulent inducement claim without prejudice and expressly afforded him an opportunity to amend, which Mr. Kang has now attempted to do.  [Dkt. 27 at 17-18.]  As for Mr. Kang's added negligence claim against POSCO, partial futility is not a compelling basis for the Court to deny leave to amend altogether.  *See Estate of Simpson v. Bartholomew Cnty. Jail*, 2014 WL 5817319, at *3 (S.D. Ind. Nov. 7, 2014) ("[T]he standard for futility of amendment asks whether the pleading as a whole could survive a motion to dismiss.  Thus, even if the portions

of the complaint . . . are futile, the remaining allegations against the [defendants] would allow the [proposed amended complaint] to survive a motion to dismiss, such that the Court should grant Plaintiff's motion to amend.").  Courts regularly grant leave to amend even if some of the claims in the proposed amended pleading may be futile.  *See, e.g.*, *Woodson v. 3M Company*, 2022 WL 1450385, at *5 (N.D. Ill. May 9, 2022) ("[A]rguments of partial futility do not persuade this Court to deny the motion to amend.  Many courts grant a motion to amend where the plaintiff has put forth some allegations that allow the proposed amendment to survive a motion to dismiss, even if other portions of it are futile.").  POSCO may raise its arguments in an appropriately filed motion to dismiss in response to the amended pleading should it choose to do so.

For the reasons stated herein, Mr. Kang's Motion for Leave to File First Amended Complaint, [dkt. 34], is **GRANTED**.

### IV.    CONCLUSION

Mr. Kang's Motion for Leave to File First Amended Complaint, [dkt. 34], is **GRANTED**. **The Clerk is directed** to docket Mr. Kang's proposed Amended Complaint, [dkt. 35], as of the date of this Order to indicate that it is now the operative complaint in this action as of this date. Defendants shall answer or otherwise respond to the Amended Complaint pursuant to the Federal Rules of Civil Procedure and any applicable Local Rules.

Significant international mailing delays may have affected Mr. Kang's ability to receive and respond to filings in a timely manner.  Accordingly, to facilitate the efficient administration of this case going forward, the Court will continue mailing copies of Court orders to Mr. Kang at his address of record **and will also provide courtesy copies of future Court orders to the email address identified in his original Complaint, om1318@naver.com.**  If that email address is no longer valid, Mr. Kang **SHALL** file a notice with the Court **by July 22, 2026,** and provide his

current email address.  Mr. Kang may communicate with opposing counsel about acceptable methods of service of discovery requests, motions, and other papers without involving the Court. *See* Fed. R. Civ. P. 5(b)(2)(E), (F).  **Defendants are encouraged to serve Mr. Kang with pleadings in the most efficient manner possible to facilitate the prompt administration of this case.**

The Court further advises Mr. Kang that he may submit future filings through the Court's Web Portal pursuant to General Order 24-35.  The **Clerk is DIRECTED** to send Mr. Kang a copy of General Order 24-35, which provides instructions for using the Web Portal, along with his copy of this Order.  Finally, the **Clerk is DIRECTED** to include a current copy of the public docket sheet when mailing this Order to Mr. Kang.

**SO ORDERED.**

Date: 6/22/2026

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

DONGHO KANG
36, sanghak-ro, buk-gu, APT 206-503
Busan
Republic of Korea
**Courtesy Copy**: om1318@naver.com

Si Hyun Lee
ICN Group
34 W 32nd Street 10FL
New York, NY 10001

Registered counsel of record via Court's CM/ECF System

9